UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------  x

WAIRON NUNEZ,

                       Plaintiff,

             -against-

C.O. OBOZUA EHIKOYA , SHIELD NO. 18216, C.O.
MOHAMMED ISLAM, SHIELD NO. 7245, C.O.
HAURLTZ DERISMA, SHIELD NO. 4102, CPT.
BOSWELL PAUL, SHIELD NO. 209, C.O. JOHN
CARUSO, SHIELD NO. 1164, C.O. WILLIAM LLARCH,
Shield No. 3352, CITY OF NEW YORK and JOHN and
JANE DOE 1 through 10, individually (the names John and
Jane Doe being fictitious, as the true names are presently
unknown),

                       Defendants.

----------------------------------------------------------------  x

**FIRST AMENDED
COMPLAINT**

18-CV-10522 (CM)

<u>Jury Trial Demanded</u>

      Plaintiff WAIRON NUNEZ, by his attorney, Robert Marinelli, Esq., complaining of the

defendants, respectfully alleges as follows:

## PRELIMINARY STATEMENT

      1.      This is an action to recover money damages arising out of the violation of plaintiff's

rights under the Constitution.

## JURISDICTION AND VENUE

      2.      The action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth and

Fourteenth Amendments to the Constitution of the United States.

      3.      The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331, 1343 and

1367(a).

      4.      Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 (b) and (c).

## JURY DEMAND

      5.      Plaintiff demands a jury trial in this action.

## PARTIES

6.      The Plaintiff WAIRON NUNEZ is and was at all times relevant herein a resident of Kings County, New York.

7.      Defendant CITY OF NEW YORK ("City") is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8.      Defendant CITY OF NEW YORK maintains the NEW YORK DEPARTMENT OF CORRECTIONS ("DOC"), which is a municipal entity created and authorized under the laws of the State of New York. DOC is authorized by law to carry out all correction functions for the City and assumes responsibility for the care, custody and control of persons held by the City in correctional facilities.

9.      That at all times hereinafter mentioned, the individually named defendants, C.O. Obozua Ehikoya, ("Ehikoya"), C.O. Mohammed Islam, ("Islam"), C.O. Haurltz Derisma, "(Derisma"), Cpt. Boswell Paul, ("Paul"), C.O. John Caruso, ("Caruso"), C.O. William Llarch, ("Llarch"), JOHN AND JANE DOE 1 through 10 ("Does"), were officers, employees and agents of the DOC and were acting under the supervision of the DOC and according to their official duties.

10.     That at all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages, and/or practices of the State of New York and/or the City of New York.

11.     Each and all of the acts of the defendants alleged herein were committed by said defendants while acting within the scope of their employment by defendant CITY OF NEW YORK.

## STATEMENT OF FACTS

### June 24, 2016 Incident

2

12.     On June 24, 2016, Mr. Nunez saw two detainees fighting and told them to stop.

13.     Defendants, including Ehikoya and Does, entered and sprayed Mr. Nunez with mace.

14.     They grabbed Mr. Nunez and threw him to the floor, causing him to hit his leg on the metal bed frame.

15.     Defendants put their knees in Mr. Nunez's back and struck him in the back of the head two to three times.

16.     Mr. Nunez did not see a nurse until 12 hours later.

17.     He felt burning on his nose and skin from the mace. He also suffered from a cut on his leg and a bruise on his back.

18.     He was given a cane to help him walk.

**July 3, 2016 Incident**

19.     On July 3, 2016, Mr. Nunez was on his way to a visitation with his mother and sister.

20.     Defendants, including Paul, Caruso, Llarch, Islam, Derisma, and Does stopped him and told him to put his hands on the wall.

21.     Plaintiff said that he needed his cane and might fall.

22.     Defendants threw plaintiff against the wall, sprayed him with mace, and handcuffed him.

23.     The guard walking him grabbed his wrist and twisted his thumb.

24.     He was placed in a cast because of an injury to a bone near his thumb.

25.     After the assault, Mr. Nunez did not receive adequate medical treatment and repeatedly asked to be transferred to Bellevue Hospital for an evaluation.

26.     However, his complaints were met with indifference and threats.

27.     All of the above occurred as a direct result of the unconstitutional policies, customs,

3

and practices of the CITY OF NEW YORK, including, without limitation, the inadequate screening, hiring, retaining, training, and supervising of its employees.

28.      The aforesaid is not an isolated incident, defendant City is aware (from lawsuits, notices of claims) that many DOC officers, including the defendants, are insufficiently trained, supervised, and disciplined regarding: reporting misconduct of other officers and the use of excessive force.

29.      Moreover, upon information and belief, defendant City was aware, prior to the incident, that the individual defendants lacked the objectivity, temperament, maturity, discretion, and disposition to be employed as DOC officers. Despite such notice, defendant City has retained these officers, and failed to adequately train and supervise them.

30.      Defendant City is further aware that such improper supervision and training has often resulted in a deprivation of civil rights. Despite such notice, defendant City has failed to take corrective action. This failure caused the officers in the present case to violate plaintiff's civil rights.

31.      All of the aforementioned acts of defendants, their agents, servants, and employees were carried out under the color of state law.

32.      All of the aforementioned acts deprived plaintiff of the rights, privileges, and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. §1983.

33.      The acts complained of were carried out by the aforementioned individual defendants in their capacities as DOC officers, with the entire actual and/or apparent authority attendant thereto.

34.      The acts complained of were carried out by the aforementioned individual defendants in their capacities as DOC officers, pursuant to the customs, usages, practices, procedures, and the rules of the City of New York and the New York Department of Corrections, all under the

supervision of ranking officers of said department.

35.     Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure, or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

36.     As a result of the foregoing, plaintiff sustained, *inter alia*, physical and psychological injuries, pain, and mental anguish, emotional distress, embarrassment, humiliation, and deprivation of his liberty and constitutional rights.

37.     As a result of the foregoing, plaintiff is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs, and disbursements of this action.

## AS AND FOR A FIRST CAUSE OF ACTION
(42 U.S.C. § 1983, Against All individual Defendants)

38.     Plaintiff repeats, reiterates, and realleges each and every allegation with the same force and effect as if fully set forth herein.

39.     Defendants, by their conduct toward plaintiff alleged herein, violated plaintiff's rights guaranteed by 42 U.S.C. § 1983, the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States.

40.     As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## AS AND FOR A SECOND CAUSE OF ACTION
(Excessive Force under Federal Law)

41.     Plaintiff repeats, reiterates, and realleges each and every allegation with the same force and effect as if fully set forth herein.

42.     The level of force employed by defendants was excessive, objectively unreasonable, and otherwise in violation of plaintiff's constitutional rights.

43.     As a result of the aforementioned conduct, plaintiff was subjected to excessive force and sustained physical injuries, pain and mental anguish, and emotional distress.

44.     As a result of the foregoing, plaintiff is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs, and disbursements of this action.

### AS AND FOR A THIRD CAUSE OF ACTION
(Medical Indifference under Federal Law)

45.     Plaintiff repeats, reiterates, and realleges each and every allegation with the same force and effect as if fully set forth herein.

46.     Defendants intentionally delayed in responding to plaintiff's requests for medical treatment and kept him confined in a manner that interfered with plaintiff's medical care and exacerbated plaintiff's serious medical condition.

47.     Defendants acted with deliberate indifference to plaintiff's serious medical needs, causing the unnecessary and wanton infliction of pain proscribed by the Eighth Amendment.

48.     As a result of the foregoing, plaintiff is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs, and

disbursements of this action.

## AS AND FOR A FOURTH CAUSE OF ACTION
(Failure to Intervene under Federal Law)

49.     Plaintiff repeats, reiterates, and realleges each and every allegation with the same force and effect as if fully set forth herein.

50.     Defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

51.     Accordingly, the defendants who failed to intervene violated the Fourth, Fifth and Fourteenth Amendments.

52.     As a result of the foregoing, plaintiff is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs, and disbursements of this action.

## AS AND FOR A FIFTH CAUSE OF ACTION
(Municipal Liability under Federal Law as to defendant City)

53.     Plaintiff repeats, reiterates, and realleges each and every allegation with the same force and effect as if fully set forth herein.

54.     Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure, or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

55.     The aforementioned customs, policies, usages, practices, procedures, and rules of the DOC included, but were not limited to, DOC officers: failing to report misconduct of other officers and using excessive force against individuals.

7

56.     In addition, the City engaged in a policy, custom, or practice of inadequate screening, hiring, retaining, training, and supervising its employees that was the moving force behind the violation of plaintiff's rights as described herein. As a result of the failure of the City to properly recruit, screen, train, discipline, and supervise its officers, including the individual defendants, defendant City has tacitly authorized, ratified, and has been deliberately indifferent to, the acts and conduct complained of herein.

57.     The foregoing customs, policies, usages, practices, procedures, and rules of the City and the DOC constituted deliberate indifference to the safety, well-being, and constitutional rights of plaintiff.

58.     The foregoing customs, policies, usages, practices, procedures, and rules of the City and the DOC were the direct and proximate cause of the constitutional violations suffered by plaintiff as alleged herein.

59.     The foregoing customs, policies, usages, practices, procedures, and rules of the City and the DOC were the moving force behind the constitutional violations suffered by plaintiff as alleged herein.

60.     As a result of the foregoing customs, policies, usages, practices, procedures, and rules of the City and DOC, plaintiff was subjected to excessive force and he was unlawfully arrested.

61.     Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiff's constitutional rights.

62.     All of the foregoing acts by defendants deprived plaintiff of federally protected rights, including, but not limited to, the right:

a.      To be free from false arrest/unlawful imprisonment;

b.      To be free from unreasonable search and seizure;

8

c.      To be free from excessive force; and

d.      To be free from the unnecessary and wanton infliction of pain caused by intentionally denying or delaying access to medical care and intentionally interfering with the treatment prescribed.

63.      As a result of the foregoing, plaintiff is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs, and disbursements of this action.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiff demands judgment and prays for the following relief, jointly and severally, against the defendants:

A.      full and fair compensatory damages in an amount to be determined by a jury;

B.      punitive damages against the individual defendants in an amount to be determined by a jury;

C.      reasonable attorneys' fees and the costs and disbursements of this action; and

D.      such other and further relief as appears just and proper.


DATED:       May 10, 2019
             New York, New York

                                    _____/s_____
                                    Robert Marinelli, Esq.
                                    305 Broadway, Suite 1001
                                    New York, New York 10007
                                    (212) 822-1427

                                    *Attorney for Plaintiff*